UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**WILLIAM J. DAUGHERTY**                                                          **PLAINTIFF**

**v.**                                            **CIVIL ACTION NO. 5:24-CV-P74-JHM**

**KY STATE PENITENTIARY** *et al.*                                      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This is a *pro se* prisoner 42 U.S.C. § 1983 civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some of Plaintiff's claims and allow one claim to proceed.

### I.

Plaintiff William J. Daugherty was transferred from one state prison, Kentucky State Penitentiary (KSP), to another state prison, Northpoint Training Center (NTC). He sues KSP, NTC, and KSP Officer Hair Vinson in both his official and individual capacities. Plaintiff alleges that when he was transferred from KSP to NTC certain items from his personal property were not transferred with him. Plaintiff alleges that it was Defendant Vinson who was responsible for packing his property and that Defendant Vinson deliberately caused his property to get lost because Plaintiff had an action pending against him against him in this Court. *See* DNs 1 & 1-1. Plaintiff also asserts that NTC committed various other wrongs against him – including refusing to sign his "theft report," threatening to place Plaintiff in segregation if he filed this action, and destroying his first draft of the complaint for this action.

Plaintiff also filed a supplemental complaint (DN 8) stating that he had learned that the Kentucky Department of Corrections (KDOC) has a "policy" which allows a transferred prisoner's personal property to be given away if the property is not transferred to the prisoner within 45 days.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v.*

*Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And a court is not required to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require a court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Defendants KSP and NTC are state prisons which are part of the KDOC, a state agency. A state, its agencies, and state officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). Further, the Eleventh Amendment acts as a bar to claims for monetary damages against a state, its agencies, and state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Thus, all of Plaintiff's claims against KSP and NTC must be

3

dismissed.  Plaintiff's official-capacity claim against Defendant Vinson must also be dismissed in light of this jurisprudence.

The Court construes the complaint as asserting a First Amendment retaliation claim against Defendant Vinson in his individual capacity.  Plaintiff states that he had an ongoing lawsuit against Defendant Vinson in this Court at the time of his transfer and that Defendant Vinson is the officer who packed his property at KSP (DN 1) and caused Plaintiff's property to "get lost" (DN 1-1).  Upon consideration, the Court will allow a First Amendment retaliation claim to proceed against Defendant Vinson in his individual capacity.  In allowing this claim to proceed, the Court passes no judgment on its merit or upon the ultimate outcome of this action.

As to Plaintiff's other claims regarding incidents that allegedly occurred at NTC, because NTC is located in Boyle County, in the Eastern District of Kentucky, *see* 28 U.S.C. § 97(a), if Plaintiff seeks to pursue those claims against individually named NTC officials, Plaintiff must file an action asserting those claims in the Eastern District of Kentucky and not in this Court.

## IV.

For the reasons set forth above, **IT IS ORDERED** that Plaintiff's claims against KSP and NTC, as well as his official-capacity claim against Defendant Vinson, are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1),(2) for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant who is immune from such relief.

Because no claims remain against them, the **Clerk of Court** is **DIRECTED** to **terminate KSP and NTC as parties to this action**.  The **Clerk of Court** is further **DIRECTED** to **add Hair Vinson as a party on the docket sheet**.

The Court will enter a separate Service and Scheduling Order to govern the development of this action.

Date: September 13, 2024

Joseph H. McKinley Jr., Senior Judge

United States District Court

cc:   Plaintiff, *pro se*
      Defendant Vinson
      Justice & Public Safety Cabinet, Office of Legal Counsel
4414.011

5