UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**CIVIL ACTION NO. 5:24-CV-74-JHM**

**WILLIAM J. DAUGHERTY**                                             **PLAINTIFF**

**v.**

**KY STATE PENITENTIARY, *et al.***                                   **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* prisoner 42 U.S.C. § 1983 civil-rights action.   On initial review of this action pursuant to 28 U.S.C. § 1915A, the Court permitted a First Amendment retaliation claim to proceed against Defendant Kentucky State Police ("KSP") Corrections Officer Hair Vinson in his individual capacity.   [DN 9].   This matter is now before the Court on Plaintiff William J. Daugherty's motion for return of his property.   [DN 12].   In Plaintiff's complaint [DN 1] and supplemental complaint [DN 8], Plaintiff sought relief in the form of only money damages.   He did not request as relief the return of his property.   Upon consideration, the Court construes this motion as an amended complaint asserting a claim for deprivation of Plaintiff's property in violation of the Due Process Clause of the Fourteenth Amendment.

**I.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.   *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

Plaintiff's claim for the alleged loss of his personal property does not give rise to a constitutional violation actionable under 42 U.S.C. § 1983. The Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss of personal property does not state a claim cognizable under the Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *rev'd on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). In order to assert a claim for deprivation of property without due process pursuant to § 1983, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation. *Parratt*, 451 U.S. at 543–44. The law of this circuit is in accord. The Sixth Circuit has held that "[i]n section 1983 damage suits claiming the

2

deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983).   The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*.   *See Wagner v. Higgins*, 754 F.2d 186, 191–92 (6th Cir. 1985).   In *Wagner*, the plaintiff claimed that his Fourteenth Amendment due process rights were violated when police officers allegedly stole personal property from his automobile after it was impounded.   The court dismissed this claim because a common law action for unlawful conversion of property or, alternatively, for custodial negligence, was available to the plaintiff in the state courts of Kentucky.   *Id*.

Thus, because Plaintiff has adequate state law remedies for the alleged loss of his property, he fails to state a constitutional claim upon which relief may be granted.   *See also Jones v. Scroggy*, 840 F.2d 17 (6th Cir. 1988) (affirming dismissal of plaintiff's claim that prison officials failed to recover a radio and head phones stolen from him by another inmate because the state provided adequate post-deprivation remedies); *Stokley v. Dismas Charities, Inc.*, No. 3:14CV-P30-S, 2014 WL 3721423 (W.D. Ky. July 25, 2014) (dismissing § 1983 claim based on the plaintiff's allegation that his property was stolen at a halfway house because an official there "failed to provide reasonable amount of protection for my property" for the reasons set forth above).

Accordingly, **IT IS ORDERED** that Plaintiff's claim for deprivation of his property in violation of the Due Process Clause of the Fourteenth Amendment and relief in the form of the return of his personal property is **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

Date: October 15, 2024

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
        Counsel of Record
4414.014

4