UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

CIVIL ACTION NO. 5:24-CV-74-JHM

WILLIAM J. DAUGHERTY                                                                    PLAINTIFF

v.

KY STATE PENITENTIARY, *et al.*                                              DEFENDANTS

<u>**MEMORANDUM OPINION AND ORDER**</u>

This is a *pro se* prisoner 42 U.S.C. § 1983 civil-rights action.   This matter is before the Court on cross-motions for summary judgment.   [DN 36, DN 37].

## I.   BACKGROUND

Plaintiff William J. Daugherty was transferred from one state prison, Kentucky State Penitentiary (KSP), to another state prison, Northpoint Training Center (NTC).   Plaintiff initially sued KSP, NTC, and KSP Correctional Officer Hair Vinson.   Defendant Vinson remains as the only Defendant.   Plaintiff alleges that when he was transferred from KSP to NTC certain items from his personal property were not transferred with him, including his television, tennis shoes, watch, sweatpants, and shirts.   Plaintiff alleges that it was Defendant Vinson who was responsible for packing his property and that Defendant Vinson deliberately caused his property to get lost because Plaintiff had an action pending against him against him in this Court.   [DN 1, DN 1-1].

The Court conducted an initial review of the complaint and amended complaint pursuant to 28 U.S.C. § 1915A and allowed a First Amendment retaliation claim to proceed against Defendant Vinson in his individual capacity for allegedly causing Plaintiff's property to get lost because Plaintiff had an action pending against Defendant Vinson.   [DN 9 at 4].   Plaintiff then

filed a motion for return of his property [DN 12] that the Court construed as a motion to amend his complaint.   [DN 13].   Finding that Plaintiff had adequate state remedies, the Court dismissed Plaintiff's claim for deprivation of his property in violation of the Due Process Clause of the Fourteenth Amendment and for relief in the form of the return of his personal property pursuant to 28 U.S.C. § 1915A(b)(1).   [*Id.*].

Plaintiff now moves the Court to issue an order for Defendant "to pay the cost of my lost property" which the Court construes to be a motion for summary judgment.   [DN 36 at 1]. Defendant Vinson now moves for summary judgment on Plaintiff's remaining claim.   [DN 37].

## II.   STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law.   Fed. R. Civ. P. 56(a).   The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact.   *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).   Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial.   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-movant must do more than merely show that there is some "metaphysical doubt as to the material facts."   *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).   Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine

2

dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

The fact that a plaintiff is *pro se* does not lessen his obligations under Rule 56. "The liberal treatment of pro se pleadings does not require the lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (citations omitted). When opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings, and a party's "status as a pro se litigant does not alter his duty on a summary judgment motion." *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010). However, statements in a verified complaint that are based on personal knowledge may function as the equivalent of affidavit statements for purposes of summary judgment. *Weberg v. Franks*, 229 F.3d 514, 526 n.13 (6th Cir. 2000); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992); 28 U.S.C. § 1746.

### III. DISCUSSION

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

3

### A. Plaintiff's Motion

Plaintiff filed a motion requesting the Court to issue an order for Defendant "to pay the cost of my lost property." [DN 36 at 1]. Plaintiff states that the property sheet provided by Defendant in discovery proves that prior to his transfer to NTC from KSP, Plaintiff had "all of [his] property" and upon arrival at NTC, he no longer had all of his property which he argues demonstrates that Defendant Vinson should pay for his lost property. [*Id.* at 1–2].

The parties do not challenge Plaintiff's argument that certain items of Plaintiff's property did not arrive at NTC upon his transfer. The Court credits Plaintiff's statement that some of his property was lost during transport to NTC. The Court understands that Plaintiff is an older gentleman and had to save for a long time for these items while incarcerated. The Court also understands that Plaintiff is frustrated because those items were lost or stolen. However, as previously stated, Plaintiff's claim for the alleged loss of his personal property does not give rise to a constitutional violation actionable under 42 U.S.C. § 1983. [DN 13]. The Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss of personal property does not state a claim cognizable under the Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *rev'd on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *See Wagner v. Higgins*, 754 F.2d 186, 191–92 (6th Cir. 1985). Thus, because Plaintiff had adequate state law remedies for the alleged loss of his property, the Court previously held that he failed to state a constitutional claim. [DN 13]; *see also Jones v. Scroggy*, 840 F.2d 17 (6th Cir. 1988) (affirming dismissal of plaintiff's claim that prison officials failed to recover a radio and head phones stolen from him by another inmate because the state provided adequate post-deprivation remedies); *Stokley v. Dismas*

*Charities, Inc.*, No. 3:14CV-P30-S, 2014 WL 3721423 (W.D. Ky. July 25, 2014) (dismissing § 1983 claim based on the plaintiff's allegation that his property was stolen at a halfway house because an official there "failed to provide reasonable amount of protection for my property" for the reasons set forth above).

Plaintiff's motion requesting the Court to issue an order for Defendant "to pay the cost of my lost property" [DN 36 at 1] is once again asserting a constitutional claim for loss of his personal property. For these same reasons set forth above, the Court will deny Plaintiff's motion.

## B. Defendant Vinson's Motion

Plaintiff asserts a First Amendment retaliation claim against Defendant Vinson for allegedly causing Plaintiff's property to get lost because Plaintiff had an action pending against him. Retaliation based upon a prisoner's exercise of his constitutional rights violates the Constitution. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (*en banc*). To set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* A plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). If the plaintiff establishes "'his protected conduct was a motivating factor behind any harm, the burden of production shifts to the defendant,' who may prevail on summary judgment by showing that 'he would have taken the same action in the absence of the protected activity.'" *Vaughn v. Underwood*, No. 3:20-CV-P317-RGJ, 2022 WL 4693908, at *2 (W.D. Ky. Sept. 30, 2022) (quoting *Thaddeus-X*, 175 F.3d at 399).

5

Plaintiff's previous civil action against Defendant Vinson establishes the first condition for a First Amendment retaliation claim. Assuming for purposes of this motion, that Defendant Vinson's alleged action would deter a person of ordinary firmness from engaging in the protected conduct of filing a lawsuit, Plaintiff fails to satisfy the third prong—the adverse action was motivated at least in part by Plaintiff's protected conduct. *Thaddeus-X*, 175 F.3d at 394.

Despite Plaintiff's statement that Defendant Vinson packed up his property and deliberately caused his property to get lost in retaliation for an on-going civil action he filed against Defendant Vinson [DN 1, DN 1-1], the record fails to show that Defendant Vinson was involved in handling or transferring Plaintiff's property. The record further reflects that Defendant Vinson states that on the date of Plaintiff's transfer to NTC, he was assisting with escorting contract staff around the institution. [DN 37-3 at 1; DN 37-4]. Defendant Vinson further avers that he "did not prepare or come in contact with Inmate Daugherty's property in preparation or transport between institutions on August 10, 2023," and that he has "no knowledge of the contents, whereabouts, or ultimate disposition of said property." [DN 37-3 at 1]. Plaintiff offers no evidence to refute Defendant Vinson's affidavit. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005). Accordingly, the Court finds that Plaintiff has failed to demonstrate a retaliatory motive on the part of Defendant Vinson.

Therefore, Defendant Vinson's motion for summary judgment will be granted with respect to the retaliation claim.

## IV.  CONCLUSION

For these reasons, **IT IS ORDERED** that Plaintiff's motion requesting the Court to issue an order for Defendant Vinson to pay the cost of his lost property [DN 36] is **DENIED**, and Defendant Vinson's motion for summary judgment [DN 37] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Vinson's motion to dismiss Plaintiff's complaint as frivolous and give Plaintiff a "strike" pursuant to the "three-strikes" provision under 28 U.S.C. § 1915(g) [DN 37] is **DENIED**.

The Court will issue a separate Judgment consistent with this Memorandum Opinion and Order.

Date: June 16, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
       Counsel of Record
4414.014